# IN RE FERNANDO CARRASQUILLO.

San Juan, Bankruptcy, No. 80.

BANKRUPTCY CLAIMS.

Bankruptcy — Attachment.

    1. Under the bankruptcy law, previous attachment is *ipso facto* abated without act of the parties.

Bankruptcy — Assignment of Claims.

    2. Where claims have been assigned to one creditor for convenience of handling, and the bankrupt is actually in court and does not claim ten days' continuance, a proceeding by the original creditors to whom the claims have been reassigned may proceed without giving ten days' notice to the bankrupt.

In Re Carrasquillo.

Jurisdiction — Notice.
>    3. Service is necessary to acquire jurisdiction, but notices during the course of the proceeding may be waived by conduct of the parties. Law is meant to be a system of justice, not of form.

Petition for Review — New Evidence.
>    4. It is discretionary with the court, upon a petition for review of the referee's action, to entertain evidence which is assumed in the order of the referee, but not set out in his record.

Opinion filed October 2, 1913.

---

*Mr. Harry F. Besosa* for bankrupt.

*Mr. Jorge Dominguez* for creditors.

*Mr. Salvador Suau,* referee in bankruptcy, *pro se.*

HAMILTON, Judge, delivered the following opinion:

This case comes up upon a certificate of the referee showing that he made a ruling admitting proof of claims of certain creditors presented by them, and that that ruling was objected to at the time by the bankrupt on the ground that the creditors no longer held those claims, but that they had been assigned to Hernaiz, Targa & Company. The referee admitted the claims in the hands of the original individual creditors. That is the point that is objected to and certified up for review.

The effect of a decision upon this is not before the court. Whether it affects the voting or controls the estate is not a matter that is before me for consideration at all. It is simply a bare

### In Re Carrasquillo.

legal question. The results, of course, will have to take care of themselves.

The case seems to be one in which there were these debts outstanding, owing by the bankrupt, or the man who was to become a bankrupt. There is no question as to the validity of the claims themselves. The evidence seems to show that at a certain date these were, as a matter of convenience, assigned to one creditor, and that that creditor started proceedings to collect all of them. Before this had gone very far, the debtor took steps by which he became a voluntary bankrupt.

1. The law seems to be, under § 67 of the bankruptcy law, that upon an adjudication in bankruptcy a proceeding in attachment is *ipso facto* abated. That does not seem to be one of the cases in which any action by the parties is needed. It is done *ipso facto* under § 67–f, so that the attachment could not concern us at all. Whoever owned the debts, owned them without any priorities or securities.

2. It is now shown to the satisfaction of this court that these claims were reassigned to the original owners. The objection is made that under bankruptcy general order 21, the bankrupt should have ten days' notice of this by mail, etc. The court does not think the contention is valid in this case. There is a distinction between publication and notice necessary to bring a party into court, and publication or notice after one is in court. The first is jurisdictional and must be strictly carried out, or the party that is not in court is not bound; but in the course of the proceedings, if any notice is required, whether by publication or any other way, and the party to be affected is himself in court at that time and does not ask for adjournment, it is held that he has waived the notice. In other words, the law is not meant

to be a system of form. It is meant to be a system of justice, and if the party in court actually has notice, it is not material whether he gets it by publication or in some other way. It might be that he would have the right to demand ten days' stay, but in this case there is nothing to show that he did so. The court will not hold that, when he has notice in court, his not having that length of notice by publication invalidates the proceedings in any way.

4. There is some conflict as to dates apparently, but the court is satisfied that the reassignment actually took place a number of days before the meeting of creditors at which the claims were proved. The only thing doubtful in the court's mind yesterday was that it was not shown to the satisfaction of the court that the reassignment had taken place. The fact that the original creditors themselves presented the claims, and the fact that the original assignee did not present the claims, would give a ground of inference that the one owned and the other disclaimed, but would not upon objection, as was made, legally prove it. Therefore the court wished further and specific evidence from the original assignee that he had reassigned, and that is now furnished and is satisfactory to the mind of the court. It shows that there had been a reassignment before the meeting of creditors, and the court is therefore driven to the conclusion that the allowance by the referee of these claims in the hands of the original creditors is correct.

Whatever informality there might be, the proceedings at all events show substantial justice done, and therefore the petition for review is denied.